Barnard, P. J.
The complaint contains a sufficient allegation of facts which' prove, • if true, that the debt was fraudulently contracted.
The defendant, from the complaint, sold to the plaintiff $600 worth of goods to be delivered in the future, and received the money for the same. When he received the money, the complaint avers, that he did not intend to deliver the property as he agreed to do and intended to defraud the plaintiff out of the money and well knew that he would not deliver the same.
Applying the usual rule of pleading which receives a statement of facts and not of the evidence of facts, the *852 complaint avers a fraud under section 549 of the Code. The defendant received the plaintiff’s money under a promise which he never intended to keep and which he made for the sole purpose of getting the money.
The affidavit sets forth the evidence of the facts and from the peculiar nature of the same, it is manifest that the complaint could not be more specific in the averments of fraud.
The defendant was about to start a new business. The plaintiff was to be his agent to sell the manufactured article. He was to take the same at a price and sell for an advanced price. The defendant applied to the plaintiff stating that he was about ready to commence manufacture but that he needed a machine for making tile, which was the article to be manufactured, and to enable him to get it he asked the plaintiff to let him have $600 and that he would then be able to furnish him, plaintiff, with $600 worth of tile, in six weeks.
The money was under these circumstances advanced. No washing machine was bought. No tile were made and the money was retained by the defendant.
If the jury from these facts find an intention to obtain the money on a false promise intentionally made, for the purpose of getting it, the action will be proven.
The order should therefore be affirmed with costs and disbursements.
Pratt, J., concurs; Dykman, J., not sitting.